Opinion issued December 19, 2002





 




In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00370-CV
____________

LAWANNA DEWBERRY, INDIVIDUALLY AND AS NEXT FRIEND OF
VANTRICE DEWBERRY, Appellant

V.

ALLIED METALS, INC. AND HUGHES SUPPLY, INC, Appellees




On Appeal from the 281st District Court 
Harris County, Texas
Trial Court Cause No. 99-41959




O P I N I O N

           Appellant, Lawanna Dewberry, individually and as next friend of Vantrice
Dewberry, sued several defendants for personal injuries arising out an automobile
accident. The defendants included Johnny J. Hunt and his employers, appellees,
Allied Metals, Inc., and Hughes Supply, Inc. Appellant challenges a summary
judgment rendered in favor of appellees on course of scope of employment and on
“no evidence” grounds. We dismiss the appeal for want of jurisdiction.
Procedural History
          The trial court signed the summary judgment order on March 16, 2001. The
same order granted appellees’ motion to sever appellant’s claims against them from
appellant’s claims against Johnny J. Hunt by creating a severed cause, number 99-41959-A, for the claims against appellees. Appellant timely filed her notice of appeal
from the March 16, 2001 order in Cause number 99-41959, the cause in which the
March 16, 2001 order was entered. The record before us on appeal contains only
documents from Cause number 99-41959, including the challenged March 16, 2001
order. We have no perfected appeal before us from Cause number 99-41959-A and
no record of an appeal from that cause. 
Jurisdiction - Finality
          Excluding certain statutory exceptions that do not apply here, this Court’s
appellate jurisdiction is limited to review of final judgments that dispose of all parties
and claims. See Lehmann v. Har-Con Corp. 39 S.W.3d 191, 195 (Tex. 2001); see
also Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2002) (listing
appealable interlocutory orders). A judgment is final for purposes of appellate review
if it disposes of all pending claims and parties, as determined from the language of
the judgment and the record in the case. Lehman, 39 S.W.3d at 195. The March 16,
2001 summary judgment order acknowledges appellant’s claims against Johnny J.
Hunt, but does not dispose of those claims. Therefore, the order from which this
appeal is taken is interlocutory. See id. Because the order is interlocutory and
because no statute authorizing an appeal from an interlocutory order applies, this
Court has no jurisdiction to consider this appeal. 
          Rule 42.3 of the Rules of Appellate Procedure governs dismissals of civil
cases. Tex. R. App. P. 42.3(a). On October 24, 2002, in compliance with rule 42.3,
we issued an order notifying appellant of our intent to dismiss for want of jurisdiction
unless, within 30 days of the date of that order, appellant requested and paid for, and
the district court filed within that period, a supplemental clerk’s record demonstrating
that the claims of Johnny J. Hunt had been disposed of or severed. See Tex. R. App.
P. 42.3 (requiring 10 days notice of intent to dismiss on appellate court’s own
initiative). The 30-day deadline imposed by our October 24, 2002 order has expired
without’s appellant’s filing a supplemental record. Based on the record before us,
therefore, we lack jurisdiction to consider this appeal. 
 

Conclusion
          We dismiss the appeal for want of jurisdiction and overrule appellees’ motion
to dismiss and any pending motions. 
 
     Elsa Alcala 
     Justice

Panel consists of Justices Taft, Alcala, and Price.


 

Do not publish. Tex. R. App. P. 47.